RECEIVED
FEB - 8 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LESLIE JEFFERSON | DOCKET NO. 1:12-CV-2258; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| JAMES LONGINO, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights (42 U.S.C. §1983) lawsuit initiated by Leslie Jefferson on September 22, 2012. Plaintiff was granted leave to proceed in forma pauperis on November 20, 2012. [Doc. #9] Plaintiff if an inmate in the custody of the Louisiana Department of Corrections, presently incarcerated at Dixon Correctional Institute in Jackson, Louisiana. He seeks monetary damages related to a disciplinary conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural and Factual Background*

On August 23, 2008, Jefferson was housed at Caldwell Correctional Center. During a search of his bed and locker area, officials discovered two shirts worn by officers at Caldwell Correctional Center hidden inside a pillow in Jefferson's locker. In a disciplinary report filed on the same date, Jefferson was accused of violating Rule 1-Contraband. The report also noted that Jefferson was transferred to David Wade Correctional Center. Following a disciplinary board hearing, Jefferson was found guilty

of violating Rule 1-Contraband. The board determined that the disciplinary report was clear and precise and found the investigating officer's version to be more credible than the inmate's version. The board imposed two penalties: a transfer to extended lockdown and forfeiture of 180 days of good time.

Petitioner exhausted the administrative remedy procedures available to him without obtaining relief. The commissioner found no violation of Jefferson's due process rights and therefore, recommended that the final agency decision be affirmed and that Jefferson's request for judicial review be dismissed with prejudice.[1] A judgment in accordance with the commissioner's recommendation was signed by the district court judge in the Nineteenth Judicial District Court on February 1, 2011. Plaintiff appealed to the Louisiana First Circuit Court of Appeal, asserting that his due process rights had been violated, and that the penalties imposed by DPSC should be reversed. The appellate court found no error in the district court's judgment.

Plaintiff sought writs in the Louisiana Supreme Court, which were denied on July 27, 2012. See Jefferson v. Longino, 93 So.3d 593, 2011-2625 (La. 7/27/12).

---

[1] "After reviewing the administrative record and considering Jefferson's arguments, the commissioner recognized that 'a number of details regarding how the petitioner obtained the contraband and whether the contraband was to be used in an escape attempt are not contained in this record.'" See Jefferson v. Longino, 2011 WL 5420773 (La.App. 1 Cir.). "However, the commissioner noted that 'the record is clear that the contraband was discovered in the petitioner's housing area ... [and that] there is nothing in the record to indicate the contraband was left by another inmate or was planted by corrections officials.'" Id.

### *Preliminary Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Plaintiff seeks monetary damages for an allegedly wrongful disciplinary conviction. Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a §1983 plaintiff may not recover damages for an unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" until he has shown that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 486-87; <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)(extending <u>Heck</u> to prison disciplinary proceedings). A claim for damages bearing that relationship to a conviction or sentence

that has not been so invalidated is not cognizable under §1983. Id.

Success on the merits would call into question the validity of Plaintiff's disciplinary conviction. Plaintiff has clearly established that his conviction has **not** been reversed or expunged as required by Heck and Balisok. Instead, Plaintiff has shown that his disciplinary conviction has been affirmed by the state courts. Also, a review of the jurisprudence and federal court filings show that Plaintiff's conviction has not been called into question by a federal court's issuance of a writ of habeas corpus. Therefore, it is evident that Plaintiff's claims are barred by Heck.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE